UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Erislandy Martin Ferreiro,<br><br>*Petitioner*,<br><br>v.<br><br>Devery Mooneyham, *Warden of the Limestone County Detention Center*, et al.,<br><br>*Respondents*. | No. 6:26-cv-284-CRW |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Erislandy Martin Ferreiro's petition for writ of habeas corpus (Dkt. No. 1), filed on May 4, 2026. On May 7, 2026, this Court entered an order for the respondents to show cause as to why the petition should not be granted. Dkt. No. 3. Federal Respondents filed their response on May 11, 2026. Dkt. No. 4. Having considered the parties' arguments, the applicable law, and the relevant facts, the Court finds Martin Ferreiro's petition for writ of habeas corpus should be denied.

Habeas petitioners bear the burden of demonstrating that challenged detention is unlawful. 28 U.S.C. § 2241(c)(3). Martin Ferreiro argues that his detention is unlawful because he was a parolee under § 1182(d)(5)(A). Dkt. No. 1 ¶¶ 35–48. But the immigration judge who reviewed Martin Ferreiro's case stated that it was unclear "under which section of the statute [he] was paroled." Dkt. No. 1-2 at 16. Thus, it is unclear whether § 1182(d)(5)(A) applies here. What is clear from Martin

Ferreiro's evidence is that he "entered the United States illegally" and that he did not meet "his burden to show that he is admissible." *Id.* at 12, 16. "[A]liens who enter the United States without inspection and admission are subject to mandatory detention under [8 U.S.C.] §1225(b)(1)." *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 500 (5th Cir. 2026) (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216). Therefore, the Court finds that Petitioner is lawfully detained under § 1225. *See id.*

Petitioners like Martin Ferreiro, who have never been admitted to the country, "are not entitled to additional process concerning their admission beyond what Congress provided in § 1225(b)(2)(A)." *Sosnava Rodriguez v. Vergara*, No. 26-50183, at 30 (5th Cir. Oct. 23, 2026) (*en banc*). His remaining arguments are denied for the reasons set forth in Respondents' response. Martin Ferreiro has not shown this Court that his detention is unlawful. Under the Fifth Circuit's precedent, the Court finds that Petitioner's requested relief should be denied.

**IT IS THEREFORE ORDERED** that Martin Ferreiro's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED.** All other requested relief is hereby denied.

So ordered on November 24, 2026.

CHRISTOPHER R. WOLFE
UNITED STATES DISTRICT JUDGE